**EXHIBIT A**

12-14-20

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SYNCHRONY BANK, and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT SANDOLO,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

NOV 17 2020

CLERK OF THE SUPERIOR COURT

By JERRIE MOYER Deputy

</td></tr>
</table>

**BY FAX**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street, Oakland, CA 94612
Rene C. Davidson Courthouse

CASE NUMBER *(Número del Caso):* RG20081784

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M Friedman, Thomas E Wheeler, 21550 Oxnard St., Ste 780 Woodland Hills, CA 91367, 323-306-4234

| DATE: *(Fecha)* | NOV 17 2020 | Clerk, by *(Secretario)* JERRIE MOYER | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Synchrony Bank**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12-14-20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
[American LegalNet, Inc.]

COPY

CM-010

BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 323-306-4234   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name)*: Plaintiff, Antonio Padilla | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>NOV 17 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ JERRIE MOYER<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Robert Sandolo vs. Synchrony Bank, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG20087836<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 2 (violations of California CCRAA, FCRA)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 17, 2020

Todd M. Friedman
_____
(TYPE OR PRINT NAME)

►

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
                or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
            domain, landlord/tenant, or
            foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-
            domestic relations)*
        Sister State Judgment
        Administrative Agency Award
            *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
            harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified
        above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

**CIVIL CASE COVER SHEET**

COPY

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Robert Sandolo vs. Synchrony Bank, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|---|---|
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [✓] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes   [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

BY FAX

**COPY**

BY FAX

1  Todd M. Friedman (216752)
2  Thomas E. Wheeler (308789)
   Law Offices of Todd M. Friedman, P.C.
3  21550 Oxnard St., Ste 780
   Woodland Hills, CA 91367
4  Phone: 323-306-4234
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  twheeler@toddflaw.com
   Attorneys for Plaintiff
7

ENDORSED
FILED
ALAMEDA COUNTY

**NOV 17 2020**

CLERK OF THE SUPERIOR COURT
By _____
**JERRIE MOYER** Deputy

8      SUPERIOR COURT OF THE STATE OF CALIFORNIA
9          FOR THE COUNTY OF ALAMEDA
              UNLIMITED JURISDICTION
10

11  ROBERT SANDOLO,                        ) Case No. RG20081786
                                           )
12  Plaintiff,                             ) **COMPLAINT**
                                           ) **(Amount to exceed $25,000)**
13                                         )
       vs.                                 ) 1. Violation of California Consumer
14                                         )    Credit Reporting Agencies Act
15  SYNCHRONY BANK, and DOES 1-10,         ) 2. Violation of the Fair Credit Reporting
    inclusive,                             )    Act
16                                         )
    Defendant.                             ) **JURY DEMANDED**
17                                         )
18                                         )
                                           )
19 _____)

20                        **I. INTRODUCTION**

21     1.    This is an action for damages brought by an individual consumer for Defendant's
22  violations of the California Civil Code § 1785.25 (a) (hereinafter "CA CCRAA") and the Fair
23  Credit Reporting Act, 15 U.S.C. §1681 et. seq. ("FCRA"), which regulates the collection,
24  dissemination, and use of consumer information.

25                         **II. PARTIES**

26     2.   Plaintiff, ROBERT SANDOLO ("Plaintiff"), is a natural person residing in Alameda
27  County in the state of California, a "consumer" as defined by 15 U.S.C. §1681a and CA CCRAA.
28

Complaint - 1

2.      At all relevant times herein, Defendant, SYNCHRONY BANK ("Defendant"), is a company engaged in the provision of credit and credit reporting of those credit accounts. Defendant is an "information furnisher" as the term is used in the CA CCRAA and FCRA.

3.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

4.  At various and multiple times prior to the filing of the instant complaint, including within the two years preceding the filing of this complaint, Defendant furnished derogatory information on Plaintiff's credit report. Defendant is currently reporting on Plaintiff's consumer credit report a debt that Plaintiff does not owe. Such reporting or furnishing is false, misleading, or incomplete.

5.  In or around June 2018, Plaintiff received services from Western Dental & Orthodontics ("Western Dental"). Plaintiff had pictures and x-rays taken and paid for services rendered that day. Plaintiff did not otherwise agree to receive any services or further treatment from Western Dental and did not receive any supplies following his visit.

6.  Although Plaintiff did not receive a teeth cleaning, Plaintiff was charged for one and additionally was charged for prospective other services, though was never properly billed.

7.  Plaintiff later repeatedly disputed the charge with Western Dental who agreed to cancel some in light of the fact that the charges were for services not received.

8.  Despite this, Western Dental charged Plaintiff's CareCredit Account with Defendant for in excess of $790. There was no basis to charge Plaintiff's CareCredit Account for this amount.

9.  Western Dental charged Plaintiff's CareCredit without his knowledge or consent for services that were never rendered to Plaintiff.

10. In or around June 2018, Plaintiff disputed the claim with Defendant  and Western Dental and requested the account be closed out in full with all money properly credited.

11. Despite this, on or around August 2018, Defendant began reporting Plaintiff as owing a delinquent debt in the amount of $790.00 on Plaintiff's credit report.

12. Plaintiff discovered this upon reviewing his credit report following August 2018. In reviewing the current status of the credit reporting, Defendant is reporting Plaintiff as delinquent and the account as a charge-off, as well as Plaintiff having made payments on the account when no request for payment or payment was made. In short, Defendant is reporting a transactional history that never occurred for a debt that was never owed.

13. Plaintiff submitted a dispute to the credit reporting agencies pertaining to the erroneous reporting and requesting Defendant correct it, but Defendant has failed to do so.

14. Additionally, Defendant continued to report derogatory information on Plaintiff's credit report.

15. Such reporting or furnishing of consumer information is derogatory as well as false, misleading, or incomplete.

16. Such reporting or furnishing has had a negative effect on Plaintiff's credit score.

17. Defendant is aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

Complaint - 3

18. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.  Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

19. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

20. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

21. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    b. Decreased credit score which may result in inability to obtain credit on future attempts.

    c. Out of pocket expenses associated with disputing the information and hiring a company to dispute on his behalf only to find the information to remain on the credit report;

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

24. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

25. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports.

26. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

4.      As a result of the above violations of the CA CCRAA and FCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

27. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

28. Cal. Civ. Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

29. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

5.      Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.      Actual damages;
B.      Statutory damages;
C.      Costs and reasonable attorney's fees; and

Complaint - 5

D.     For such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT

6.     Plaintiff reincorporates by reference all of the preceding paragraphs.

7.     To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.  Actual damages;
B.  Statutory damages for willful and negligent violations;
C.  Costs and reasonable attorney's fees;
D.  For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 17th Day of November, 2020.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff